FILED
03/26/2026
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 25, 2026 Session

## OCOEE RIDGE PHASE I HOMEOWNERS' ASSOCIATION, LLC v. DOMINIC CUSUMANO ET AL.

**Appeal from the Chancery Court for Polk County**
**No. 2022-CV-6       Jerri Bryant, Chancellor**

_____

**No. E2025-01194-COA-R3-CV**

_____

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, P.J., E.S.; THOMAS R. FRIERSON, II, J.; AND KRISTI M. DAVIS, J.

William G. Wojcik, II, and Ian N. Joseph, Nashville, Tennessee, for the appellant, Ocoee Ridge Phase I Homeowners' Association, LLC.

Frank A. Cusumano, Cleveland, Tennessee, for the appellees, Dominic Cusumano, Lillian Cusumano, and The Living Trust of Lillian Cusumano.

**MEMORANDUM OPINION[1]**

The appellant, Ocoee Ridge Phase I Homeowners' Association, LLC ("Appellant"), filed a notice of appeal with this Court in August 2025, in which Appellant is seeking to appeal the July 10, 2025 order of the Polk County Chancery Court ("the trial court").[2]

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Although Appellant states that it is appealing the order signed by the judge on July 9, 2025, the order was

Upon receiving the appellate record in this appeal, this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal pursuant to Tenn. R. App. P. 13(b). Based on that review, we have determined that the order from which Appellant seeks to appeal is not final. Although the trial court states in its March 21, 2025 order that it ruled on the appellees' counter complaint in June 2024, the record does not include an order entered reflecting the June 2024 hearing resolving such motion for summary judgment or counter complaint. Nonetheless, the order states that the trial court previously found that Appellant had violated Tenn. Code Ann. § 48-249-308 and had granted the counter complaint. However, in the counter complaint, the appellees had requested an award of compensatory or liquidated damages, as well as a request for prejudgment interest. Those claims were not resolved by the trial court's March 21, 2025 or June 10, 2025 orders and appear to remain pending before the trial court.

Because it appeared that there was no final judgment in the underlying trial court proceedings, this Court entered a show cause order on December 29, 2025, providing Appellant thirty days to obtain a final judgment or else show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Appellant filed a response to this Court's order on January 28, 2026, stating that when it filed its notice of appeal with this Court, it was unaware that an order was "apparently never entered" regarding the trial court's June 27, 2024 ruling and that Appellant was unable to locate such order in its file of the underlying proceedings. Appellant states that if such an order exists, it does not have a copy of the order and cannot supplement the record at this time. Appellant further states that if such order was never entered, it concedes that this matter is not yet ripe for appeal and that this appeal should be dismissed without prejudice to the filing of a new appeal after a final judgment has been entered. On March 9, 2026, the appellees filed a motion to dismiss this appeal without prejudice, and Appellant has not responded to the motion or supplemented the record with a final judgment.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment that resolves all the claims between all the parties, leaving nothing else for the trial court to do. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). Without a final judgment, this Court does not have subject matter jurisdiction to adjudicate an appeal as of right. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The court order from which Appellant seeks to appeal does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed without prejudice to Appellant's ability to file a new appeal

---

not entered by the trial court clerk until June 10, 2025.

when the trial court enters a final judgment.  Costs on appeal are taxed to the appellant, Ocoee Ridge Phase I Homeowners' Association, LLC, for which execution may issue.

**PER CURIAM**